IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02978-NRN

Timothy Roeckel,

Plaintiff,

v.

Ally Bank Corp.,

Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND (DKT. #10) and MOTION TO STRIKE NOTICE OF COMPLIANCE (DKT. #23)**

Entered by Magistrate Judge N. Reid Neureiter

This matter is before the Court on Plaintiff's Objection to Notice to Remove and Motion for Remand. Dkt. #10. Also before the Court is Plaintiff's Motion to Strike and Objection to Defendant's Notice of Compliance with Rule 81.1. Dkt. #23. The Court has reviewed Plaintiff's filings and Defendant's Opposition Dkt. #26. Oral argument will not materially assist in the resolution of these motions. For the reasons outlined below, Plaintiff's two Motions are **DENIED**.

Plaintiff alleged a federal cause of action in his original complaint. Specifically, Plaintiff alleged multiple violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Compl. ¶¶ 9, 14-17. There is therefore federal jurisdiction over that claim because federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over any related state law claims. *See* 28 U.S.C. § 1367. Because this case involves claims over which the Court would have original jurisdiction, the Defendant had the right to remove the case to this court. 28 U.S.C. § 1441(a).

Plaintiff's main argument in favor of remand is that Defendant failed to attach certain portions of the state court file when the notice of removal was filed in this Court. As Plaintiff notes, 28 U.S.C. § 1446(a) states that a Notice of Removal shall include, "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." Plaintiff cites decisions from other districts and circuits for the proposition that the failure to attach all the listed documents renders the removal defective, requiring a remand. *See Emp'rs Shopmens Local 516 Pension Trust v. Travelers Cas. & Sur. Of Am*, No. 05 444, 2005 WL 1653629, (D. Or. July 6, 2005) (remand is required due to defendant's failure to attach

exhibits from state court complaint); *Comtrade Ltd. v. United States*, No. 05-80729-CIV, 2005 WL 5643875, *1 (S.D. Fla. 2005) (same).

The Tenth Circuit, the decisions of which are binding on this Court, has spoken specifically on this question. *See Countryman v. Farmers Ins. Exchange*, 639 F.3d 1270 (10th Cir. 2011). In *Countryman*, the court rejected the minority view (espoused by the Plaintiff here), and, agreeing with numerous other courts, held that the failure to attach certain exhibits or other documents from a state court file (one example being the summons) to the notice of removal is a "*de minimus* procedural defect that did not necessitate remand of the case to state court." *Id.* at 1272. The Circuit also found the *de minimus* procedural defect to be "curable, either before or after the expiration of the thirty-day removal period." *Id.* at 1273.

In this instance, the Defendant cured any defect (if there was one to begin with, which the Defendant disputes) via the filing of its Supplement to Notice of Removal (Dkt. #13), the filing of which was perfectly proper. Plaintiff cites no authority for the proposition that the failure to comply timely with our local procedural rule D.C.COLO.LCivR 81.1 (b),[1] would result in an automatic remand and the forfeiture of the statutory right of a defendant to have a claim that arises under federal law decided by a federal court.

The *Countryman* decision disposes of Plaintiff's arguments in both his Motion for Remand and his Motion to Strike.

Accordingly, Plaintiff's Motion to Remand (Dkt. #10) and Motion to Strike (Dkt. #23) are **DENIED**.

Date: October 26, 2020

---

[1] D.C.COLO.LCivR 81.1 (b) addresses the filing requirements under our Local Rules when a case has been removed to the federal court. It states, "Filing Requirements: No later than 14 days after the filing of the notice of removal, the removing party shall file a current docket sheet (register of actions) and shall separately file each pending motion, petition, and related response, reply, and brief."